## A.  G.  WALKER  v.  JOHN  GRAHAM.

Where the plaintiff neglected to ask the witness (the defendant) the date of the return of an article charged in the plaintiff's account, and of a payment, it was held that the Court properly refused to grant a new trial on the ground of newly discovered evidence to prove that the return and payment were made to plaintiff's wife after the suit was commenced. (The point concerned the costs of the suit.) See the particular circumstances.

Where the suit has originated in a Justice's Court, and the plaintiff offers his own testimony to prove his account, or the defendant his own testimony to prove his account in set-off, and such party is contradicted by the testimony of the adverse party or of a witness, it would seem that there is not, in contemplation of law, a failure of proof so far as the contradiction extends, but that it is a case of conflict of testimony, to be weighed and determined by the jury as in other cases.

Appeal from Dallas.  Tried below before the Hon. Henry J. Jewett.

The suit was on the following account :

One log chain, $3 ;  cow and calf, $10 ;  20 bush. corn, $10 ; 60 lbs. bacon, $6 ;  1 yoke oxen, $35 ;—$64 60.  Account of defendant as follows : 1287 feet plank, $64 35 ;  cash, $3 65 ; 1 log chain returned, $3 ;—$71.

Statement of facts as follows : Plaintiff proved by his own oath, the sale and delivery to the defendant, of the items mentioned in his account, amounting to the sum of sixty-four 60-100 dollars.  Defendant proved by his own oath, the sale and delivery to plaintiff, of the items mentioned in his account, amounting to the sum of seventy-one dollars.

The plaintiff introduced as a witness Thomas Dye, who testified that he is a carpenter, and was in the employ of the plaintiff, building a house for him, at the time of the delivery of the plank by defendant ;  that plaintiff was sick in bed, and witness received and measured the plank ;  that there was but

eleven hundred feet and some fractions of the plank. On cross-examination, witness says, the plank was almost all flooring; that he did not measure the fractions, but says they would not amount to one hundred feet: supposes they would amount to about sixty or seventy feet at the most.

The plaintiff was then sworn and testified that he employed defendant to haul lumber for him from the Pine Mills; that he agreed to give defendant five dollars per hundred for two hundred feet of thick lumber, that being the amount that he wanted to make his door and window cases; that for all the other plank, plaintiff agreed to give defendant four dollars per hundred; that of the plank delivered by defendant, there were but eighty-seven feet of thick lumber of the kind that plaintiff was to give defendant five dollars for.

Defendant proved by his own oath, that the contract between him and plaintiff was for the delivery of thick and thin plank, and that defendant was to get five dollars for thick and four dollars for thin plank; and that all the plank he delivered to plaintiff, was thick plank, such as he had been promised by plaintiff five dollars per hundred for.

The statement of facts was signed by the counsel of each party, but it did not appear to have been approved by the Judge. No objection was made to it, however, on that account; and it is mentioned here only because this report goes beyond the Opinion in the case, to state a point which appears to be involved in the affirmance of the judgment:

The grounds stated in the motion for new trial were that the verdict was contrary to the law and the evidence, and newly discovered evidence. The circumstances of the newly discovered evidence are stated in the Opinion.

*Burford* and *Goode*, for appellant. The Supreme Court of Alabama have decided that in suits before a Justice of the Peace, founded upon open account, if the plaintiff have no evidence of the justness of his demand, except by his own oath,

and that oath is contradicted by the oath of the defendant, *nothing is proved*, and the case should be dismissed at the cost of plaintiff.

If the same rule applies to offsets, (which we think it does,) then so far as Graham's evidence conflicts with the evidence of Dye and Walker, nothing is proven, and Walker is entitled to a judgment for $9 28.

On the ground of newly discovered evidence we invite the attention of the Court to 3 Tex. R. 49 ; 4 Id. 89 ; 7 Id. 190.

We think the facts set out in the affidavits and decisions above referred to certainly entitle the appellant to a new trial.

We know the Court very properly look with disapprobation upon litigation of the character of this suit, but the hardship to which appellant is subjected by the wrongful acts of appellee, and the vital interests involved in the correct determination of motions for new trial, are our apology for the prosecution of this appeal.

*J. E. Cravens*, for appellee. The Court will never set aside a judgment when the evidence is conflicting ; such is acknowledged to be the case. (Meuley v. Meuley, 9 Tex. R. 60 ; Long v. Steiger, 8 Id. 460 ; Davidson v. Edgar, 5 Id. 492 ; Brisco v. Bronaugh, 1 Id. 340.)

There is nothing in the affidavit filed with the motion for a new trial that could not by proper diligence have been adduced upon the former trial. Graham, " defendant," testified as to the payment of the money to Walker through his wife, and nothing but the grossest carelessness could have prevented the opposite party from asking the date of this payment.

LIPSCOMB, J. This suit was commenced by the appellant, before a Justice of the Peace, in December, 1850. On the 5th day of April, 1851, appellant recovered judgment for one dollar and eighty cents, debt, and thirty-two dollars and five cents, costs. It was taken by a certiorari into the District

Walker v. Graham.

Court, where it continued until May, 1854, when there was a verdict for Graham for eighty-five cents. There was a motion for a new trial, which was overruled, and judgment was rendered for the amount found by the jury ; from which Walker appealed. The ground of a new trial is newly discovered evidence since the trial, and it was supported by the affidavit of the person who was the constable when the suit was commenced and pending before the Justice of the Peace, to declarations of Graham, the defendant, that a part of the credit he had against the claim of the appellant, consisting of a log chain and two or three dollars, were delivered and paid to appellant's wife, after he had heard that appellant had obtained a summons against him from the Justice of the Peace, and that he had done it with a view to cast appellant in the costs ; that witness had never told any one of this conversation ; which took place long before, until he told the appellant.

Under all the circumstances of this case, the protracted litigation, the suspicions that would naturally attach to the affidavit of the constable, from his long silence in the midst of the litigation of the matter, and the fact that this credit was before the Court and jury, and that the appellant, if attentive to his interest, could have required it to be shown when the credit accrued, to which may be added the bare possibility that he did not know when the log chain was returned to his wife, and the money paid to her ; we cannot say that the Court below erred in refusing a new trial. The judgment is therefore affirmed.

Judgment affirmed.